UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHAD L. WILLINGHAM,<br><br>              Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>              Defendant. | Case No. 4:23-cv-00331-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Chad Willingham, in custody of the Idaho Department of Correction, has filed a civil action entitled "Petition of Writ of Supervisory Control," asking this Court to take action in his pending state criminal actions. The Court construes the Petition as a Petition for a Writ of Mandamus.

      Federal Rule of Civil Procedure 81(b) "abolished" writs of scire facias and mandamus. Rather, the Rule provides that relief previously available through these writs "may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). Where a state prisoner has filed a petition for writ of mandamus, the Court is to construe it as a civil rights action under 42 U.S.C. § 1983 if it complains of prison conditions, or as a habeas corpus petition under 28 U.S.C. §§ 2241-2254 if it challenges a criminal case, conviction, or sentence. *Andrews v. King*, 398 F.3d 1113, 1122-23 (9th Cir.

**INITIAL REVIEW ORDER BY SCCREENING JUDGE - 1**

2005). If construed as a civil rights action, the screening provisions of 28 U.S.C. §§ 1915 and 1915A apply. *Id.*, 398 F.3d at 1123 n.12.

In either instance, the State of Idaho is not a proper defendant or respondent. In a civil rights action, the state actor who is violating a plaintiff's rights is the proper defendant;[1] in a habeas corpus action, a petitioner's custodian, usually the warden of the facility where the petitioner is held, is the proper respondent.[2]

After reviewing the pleadings, the Court has determined that Plaintiff must (1) file a supplement to provide additional facts and clarify whether he is asserting an access to courts claim (civil rights action, for which the fee is $402) or is asserting that he is wrongfully being held in custody because of a criminal case, conviction, or sentence (habeas corpus, for which the fee is $5). He must also file a in forma pauperis application

---

[1] The Eleventh Amendment provides "sovereign immunity" to states and state entities. That means a state cannot be sued in federal court unless Plaintiff can show that it has waived its sovereign immunity. *See Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Ordinarily, the Eleventh Amendment bars official-capacity suits seeking damages against state officials. *See Kentucky v. Graham*, 472 U.S. 159, 169–70 (1985). However, a suit against state officials seeking prospective injunctive relief from unconstitutional state action (an order to act or stop acting) is not barred. *See id.* at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159–60 (1908). This principle generally is referred to as the *Ex parte Young* exception and is limited to prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute. *See Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997). Thus, a state official in their official capacity may be substituted for the "state."

[2] *Habeas corpus*, translated from Latin, means "produce the body." *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Thus, a jurisdictional requirement for habeas corpus actions is the naming of a proper respondent— one who has the power to produce the petitioner if a writ issues. In a circumstance where the petitioner is in custody, the proper respondent is usually the warden of the facility where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Birmingham*, 982 F.2d at 379 (citing *Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (a parole commission is not a custodian, despite its power to release the petitioner)).

**INITIAL REVIEW ORDER BY SCCREENING JUDGE - 2**

or pay the filing fee. No person is permitted to proceed in federal court without taking financial responsibility for the filing of a civil action.

## ORDER

**IT IS ORDERED:**

1. Within **30 days** after entry of this Order, Plaintiff must file a supplement to clarify whether he intends his petition to be a civil rights action or a petition for writ of habeas corpus.

2. Within **30 days** after entry of this Order, Plaintiff must file an in forma pauperis application with prison trust account statement or pay the filing fee.

3. Failure to take these actions will result in dismissal of this case without further notice.

4. Plaintiff's Motion for Extension of Time (Dkt. 3) is GRANTED to the extent that he must comply with this Order as set forth herein above.

5. Plaintiff's Motion for Production of Documents (Dkt. 4) is DENIED. Plaintiff may request a copy of his filed documents from the Clerk of Court with tender of the appropriate copy fees, because he is not proceeding in forma pauperis presently. Even if he were proceeding in forma pauperis, he must show good cause for his request, because the mandatory prisoner e-filing system was designed to eliminate the need for copies (the original filings are returned to the inmate to use as his "copy").

DATED: November 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge